UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESDRAS NEHEMIAS VELASQUEZ AJPOP,

               Petitioner,

     -v-

KENNETH GENALO *et al.*,

               Respondents.

26 Civ. 5519 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Upon consideration of petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Dkt. 1, IT IS HEREBY ORDERED that:

1. Respondents are ORDERED to file a return on the order to show cause as to why the petition for a writ of habeas corpus should not be granted by **Monday, July 6, 2026, at 5 p.m**.

2. Petitioner shall file any reply by **Wednesday, July 9, 2026, at 5 p.m.**

3. Counsel may confer regarding the above deadlines and if all parties consent to extensions they may make the request to the Court by letter.

The Court is furnishing this Order to respondents' counsel by email, and is separately emailing this Order to Jeffrey Oestericher, the Chief of the Civil Division at the United States Attorney's Office for the Southern District of New York to ensure respondents' prompt notice.

1

To preserve the Court's jurisdiction pending a ruling on the petition, petitioner shall not be removed from the United States unless and until the Court orders otherwise. *See, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25 Civ. 644, 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) (enjoining defendants from "removing any Plaintiffs or putative class members from the District of Connecticut, and from deporting them from the United States" because "a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases"); *Ozturk v. Hyde*, No. 25 Civ. 10695, 2025 WL 1009445, at *11 (D. Mass. Apr. 4, 2025) ("To allow the Court's resolution of its jurisdiction to decide the Petition, Ozturk shall not be removed from the United States until further Order of this Court." (citation omitted)); *Leuthavone v. Salisbury*, No. 97 Civ. 556, 2025 WL 1135588, at *2 (D.R.I. Apr. 17, 2025) (granting a stay of removal "to maintain the status quo and preserve the Court's ability to adjudicate the habeas petition"); *Khalil v. Joyce*, No. 25 Civ. 1935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States unless and until the Court orders otherwise."); *see also Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act, 28 U.S.C. § 1651, authorizes a federal court to protect that jurisdiction." (cleaned up)); *Garcia-Izquierdo v. Gartner*, No. 4 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (under the All Writs Act, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (All Writs Act provides federal court of appeals reviewing a final removal order with basis to stay removal).

Dated: June 29, 2026
New York, New York

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge